IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YOLANDA DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANDY SPRINGS,<br>OFFICER RYAN GEHRICKE,<br>in his individual capacity,<br>OFFICER JOHN DOE,<br>in his individual capacity, and<br>JASON DWAIN ANDERSON.<br><br>Defendants. | CIVIL CASE NO.:<br><br>1:19-cv-01129-MLB |

**PLAINTIFF YOLANDA DUNCAN'S BRIEF IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT JASON DWAIN ANDERSON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Yolanda Duncan and shows this Court as follows:

**1. Statement of Facts:**

In his Motion to Dismiss Defendant Anderson makes some factual misrepresentations. Most importantly Anderson states that Officer Gehricke

1

obtained a warrant and **then** placed Ms. Duncan under arrest. (Defendant Anderson's Brief – hereinafter "Brief" - p. 2) This is false and also contradicts the allegations of Plaintiff's First Amended Complaint (Complaint). Plaintiff's First Amended Complaint clearly states that "Warrants were issued for Ms. Duncan's arrest after she was already arrested." (Complaint Par. 25). The arrest preceded the warrants.

Additionally - in her amended complaint Plaintiff alleges that "Defendant Anderson caused the arrest and a criminal prosecution against Ms. Duncan by knowingly giving false information to law enforcement officers" (Complaint Paragraph 60.)

## 2. *Jackson v. Kmart Corp.*, 851 F. Supp. 469, 472 (M.D. Ga. 1994) does not apply to the present case.

Defendant Anderson argues that Ms. Duncan's arrest and prosecution was unrelated (or was not sufficiently related) to Defendant Anderson's actions. This argument is factually false and it also fails on legal grounds.

Defendant Anderson's "report" to Officer Gehricke formed the entire universe of facts on which Officer Gehricke based (or could have possibly based) his alleged determination of probable cause.

Defendant Anderson relies on Jackson v. Kmart Corp., 851 F. Supp. 469, 472 (M.D. Ga. 1994). This reliance is misplaced.

First - Jackson was a motion for summary judgment case – not a motion to dismiss case.

Second – the quote relied on by Defendant Anderson himself shows that dismissal is not appropriate: "…but if it is found that his persuasion was the determining factor in inducing the officer's decision, or that he gave information which he knew to be false and so unduly influenced the authorities, he may be held liable." Jackson, 851 F. Supp. at 472. Indeed here Defendant Anderson's "report" was the determining factor in inducing the officer's decision. Unlike in Jackson there was no other witness or other source of evidence that Officer Gehricke derived or could have derived additional relevant facts or evidence from.

Third – Jackson makes it clear that its discussion does not apply in instances where Defendant provided **false information**. "[T]he record offers no support to a contention that an employee of Kmart offered the officer false information…" Id. In the present case – in contrast – Plaintiff has alleged that "Defendant Anderson caused the arrest and a criminal prosecution against Ms. Duncan by knowingly

3

giving false information to law enforcement officers." Plaintiff has therefore pled sufficient facts in her Complaint to survive Defendant Anderson's motion to dismiss.

There are additional legal and factual aspects that distinguish the present case from Jackson.

First: in Jackson the record clearly indicated that K-Mart employee's actions were not the "determining factor" in the decision to arrest. Id. It goes without saying that because this is a motion to dismiss stage, there is no record yet in the present case to indicate anything.

Second: in Jackson prior to arresting plaintiff, the officer contacted Magistrate Pam Rogers. Id. In this case the magistrate was not contacted until after the arrest when the warrant was obtained. Anderson tries to analogize contacting Defendant John Doe in this case to contacting the magistrate in Jackson case. This comparison fails if for no other reason because the authority of a magistrate is markedly different from the authority of Defendant Doe. Regardless – contacting Defendant Doe – or any other person pre-arrest is irrelevant so long as Officer Gehricke claims that his actions were discretionary (as he must if he were to claim

4

qualified immunity). As such Officer Gehricke was not merely following orders while having no say so in the matter.

Third: the K-Mart employee in Jackson did not offer false information or exercise undue influence in the context of arresting the Plaintiff. Id. Here Anderson did both. As mentioned earlier the amended complaint alleges Anderson provided false information. In addition – in Jackson – officer Lary gained independent information by questioning both suspects. Here Officer Gehricke had no additional information about the alleged incident other than what Defendant Anderson provided to him. It goes without saying, therefore, that had Defendant Anderson not provided the false information Officer Gehricke never would have arrested the Plaintiff as the entire interaction stemmed from the false information provided by Defendant Anderson. In that sense Defendant Anderson "unduly influenced" and "instigated" the prosecution.

To be sure – Officer Gehricke's decision to arrest Ms. Duncan based on information provided by Defendant Anderson and allegedly based on what transpired during the encounter between Anderson, Gehricke and Duncan was still objectively unreasonable in its own right. That doesn't mean, however, that

Defendant Anderson didn't exercise "undue influence" over that decision.

Anderson may argue that Officer Gehricke's reason for arrest was Ms. Duncan's failure to produce her identification at his request. Anderson may further argue that a claim for malicious prosecution fails if the prosecution is for an offense other than the one charged by the defendant.

As an initial matter it is disputed what the reason for the arrest was. Certainly Officer Gehricke never charged Ms. Duncan with violation of OCGA 40-5-29(b) and Plaintiff contends that he could not have.

It appears that Defendant Anderson confuses Officer Gehricke's qualified immunity argument with the allegations of Plaintiff's complaint. Defendant Gehricke is not claiming that he arrested Ms. Duncan for violation of OCGA 40-5-29(b) as he in fact did not do that. Instead Gehricke claims that qualified immunity applies because he **could have** arrested Ms. Duncan for violation of OCGA 40-5-29(b) – not because he did in fact do so. (A claim that Plaintiff – of course – disputes.) As such there was no prosecution "for an offense other than the one charged by the defendant."

Ultimately – even if there were prosecution for an offense other than the one

charged by the defendant – that prosecution would not have happened but for the false factual basis provided by Defendant Anderson – the factual basis which formed the entire universe of information Officer Gehricke had about the underlying incident.

### **III. CONCLUSION**

For these reasons Plaintiff asks this Court to deny Defendant Jason Anderson's Motion to Dismiss as the allegations of her complaint are detailed enough to satisfy the pleading requirement.

Respectfully submitted this the 23rd day of December, 2019.

/s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange
Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com
Counsel for Plaintiff

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

/s/ Drago Cepar, Jr.
Drago Cepar, Jr.

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed this PLAINTIFF YOLANDA DUNCAN'S BRIEF IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT JASON DWAIN ANDERSON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to the following attorneys of record:

| | |
|---|---|
| Wesley C. Jackson | Kevin A. Doyle |
| Sun S. Choy | Justin Averett |
| 100 Galleria Parkway | 8425 Dunwoody Place |
| Suite 1600 | Atlanta, Georgia 30350 |
| Atlanta, Georgia 30339-5948 | |

This 23rd day of December, 2019.

/s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange
Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com

Attorney for Plaintiff